IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    Case No. 26-CR-51-JFH

DWIGHT LOWAINE MCGEE,

Defendant.

## OPINION AND ORDER

Before the Court is the United States of America's ("Government") Rule 609 Notice. Dkt. No. 25. Defendant Dwight Lowaine McGee did not file any response or objection. For the reasons discussed below, Defendant's prior convictions as set forth in the Government's Rule 609 Notice are INADMISSIBLE for the purpose of impeachment.

## BACKGROUND

The Government charges Defendant with Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8) and Possession of Methamphetamine in violation of 21 U.S.C. § 844(a). Dkt. No. 2. Should Defendant testify, the Government seeks to impeach Defendant under Federal Rule of Evidence 609 with his prior convictions of Possession of Stolen Vehicle, Grand Larceny from Person at Night, Distribution of Controlled Dangerous Substance, Failure to Affix a Tax Stamp, Driving Under the Influence, and Acquire Proceeds from Drug Activity. Dkt. No. 25.

## AUTHORITY AND ANALYSIS

Under Federal Rule of Evidence 609, the Government may admit a defendant-witness's prior criminal convictions to attack his character for truthfulness in the following scenarios.

First, conviction of a crime punishable by death or imprisonment for over one year must be admitted if "the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). The Tenth Circuit has identified five factors to consider whether exclusion of evidence is warranted under Rule 609(a)(1)(B). *See United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). These are: (1) the impeachment value of the defendant's prior offenses; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past offenses and charged crimes; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *Id.*

Second, a prior conviction for any crime regardless of its punishment must be admitted "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). "[C]rimes characterized by an element of deceit or deliberate interference with the truth are per se crimes of dishonesty or false statement." *Burke v. Regalado*, 935 F.3d 960, 1017 (10th Cir. 2019) (quotations and citations omitted). If a defendant is convicted for a crime of a dishonest act or false statement, evidence of that conviction must be admitted for impeachment purposes, regardless of its prejudicial effect. *Id.* at 1018.

Finally, if more than 10 years have passed since the defendant-witness's conviction or release from confinement for it, whichever is later, then that conviction is admissible only if: (1) "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect;" and (2) "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

2

**A. Defendant's 2009 Conviction for Acquiring Proceeds from Drug Activity is Inadmissible.**

The Government seeks to impeach Defendant with a conviction in Tulsa County for Acquiring Proceeds from Drug Activity. Dkt. No. 25. The Government erroneously labeled this 2009 conviction as a 2019 conviction. Dkt. No. 25. However, because Defendant was not released from confinement for this conviction until July 1, 2016, just within the ten (10) year window, the Court will analyze the admissibility of this conviction under Fed. R. Evid. 609(a)(1)(B) and the *Smalls* factors. *See Oklahoma v. McGee*, Case No. CF-2008-00898 (Creek Cnty, Okla.). For the following reasons, these factors weigh against admission.

**1. Impeachment Value**

When evaluating the impeachment value of Defendant's prior crimes, "a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility." *United States v. Ahaisse*, No. 2020-CR-106-CVE, 2021 WL 2290574, at *1, *2 (N. D. Okla. June 4, 2021). Indeed, "[p]rior convictions that require[ ] proof of dishonesty for conviction are more probative of a witnesses' credibility than other crimes." *United States v. Gigena*, No. 24-CR-228-TS, 2025 WL 1071040, at *2 (D. Utah Apr. 9, 2025). However, Defendant's 2009 conviction for Acquiring Proceeds from Drug Activity did not require a finding of deceit or dishonesty under Oklahoma law. *See* 63 Okla. Stat. § 2-503(1). Further, multiple courts within the Tenth Circuit agree that drug convictions generally have minimal probative value of a defendant's character for truthfulness. *See, e.g.*, *United States v. Thomas*, No. 23-CR-041, 2023 WL 4585919, at *3 (N.D. Okla. July 18, 2023); *United States v. Austin*, 641 F. Supp. 3d 1193, 1205 (D. Utah 2022); *United States v. Phillips*, 487 F. Supp. 3d 1126, 1131 (D.N.M. 2020). For these reasons, this factor weighs against admission.

### 2. Temporal Proximity

The second factor considers the duration of time between Defendant's prior convictions and the current case.  Importantly, "a prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion."  *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *2 (N.D. Okla. June 4, 2021) (quoting *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014)).  In contrast, "the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved."  *Id*.  Here, the Government has offered little context to aid the Court's assessment of temporal value and erroneously identified the year of conviction as 2019. Based on the information before the Court, the remoteness of the 2009 conviction weighs against admission.

### 3. Similarity to Charged Crime

The third *Smalls* factor, which compares the similarity of the current charged crime to Defendant's prior convictions, "weighs against admitting the prior conviction for impeachment if the crimes are similar."  *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing Caldwell, 760 F.3d at 288).  Indeed, "[t]he greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility."  *Id*.

That danger is significant here. Indeed, Defendant is being charged with Possession of Methamphetamine in violation of 21 U.S.C. § 844(a), which is similar to his 2009 conviction for Acquiring Proceeds from Drug Activity.  Accordingly, there is a likelihood of a jury inferring

criminal propensity to commit the crimes charged if his 2009 conviction is admitted.  Therefore, this factor weighs against admission.

### 4. Importance of Defendant's Testimony

When considering the fourth factor, "the Court must determine whether the apprehension of potential impeachment by prior convictions will cause defendant to abstain from testifying, thus damaging his right to a full defense." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing *United States v. Cueto*, 506 F. Supp. 9, 14 (W.D. Okla. 1979)).  "If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction." *Id.*

This factor weighs against admission as well.  As stated above, Defendant's 2009 conviction is similar in nature to his current possession charge.  In turn, the jury is more likely to infer criminal propensity to commit the crime charged if he is impeached with his 2009 conviction.

### 5. Centrality of Credibility

"When evaluating the final factor, the centrality of defendant's credibility at trial, the Court must consider whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination–e.g., if defendant's testimony is corroborated by other sources." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *3.  "By contrast, 'where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased.'" *Id*. (citing *Caldwell,* 760 F.3d at 288).

While evidence in this case may include Defendant's testimony, a significant portion of this case will also rely on lay witness testimony, expert testimony, chemical analysis reports, photographs, video, and other records.  For this reason, the Court finds that Defendant's credibility

is less central at trial. Thus, impeachment by his 2009 conviction is not as important, and this factor weighs against admission.

### 6. Rule 609(a)(1)(B) Balancing

Following a review of the *Smalls* factors, the Court must determine "whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *4 (citing Fed. R. Evid. 609(a)(1)(B)). Because all of the *Smalls* factors weigh against admission, the prejudicial effect of Defendant's 2009 felony conviction for Acquiring Proceeds from Drug Activity outweighs its probative value. Accordingly, the Government may not impeach Defendant with his 2009 conviction unless Defendant opens the door while testifying.

### B. Defendant's February 2005 Conviction is Inadmissible.

Next, the Government seeks to impeach Defendant with a February 2005 conviction in Creek County for Driving Under the Influence AFC. Dkt. No. 25. Again, the Government does not provide the date Defendant was released from confinement. However, based on the Court's review of available records, it appears that Defendant was released from confinement for this conviction on or around August 17, 2007. *See Oklahoma v. McGee*, Case No. CF-2005-00349 (Creek Cnty, Okla.).

Over ten (10) years have passed since Defendant's release from confinement for this conviction. Thus, this conviction is admissible only if its "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). That is not the case here. Indeed, the conviction did not require a finding of deceit or dishonesty, so it has minimal probative value of Defendant's character for truthfulness. In contrast, the crime is similar in nature to the possession charge in this case, making it more likely that the jury would infer his criminal propensity and find him guilty because he was convicted of similar conduct in

6

the past. Ultimately, any probative value of this conviction does not substantially outweigh its prejudicial effect. This is particularly true in light of the significant period of time between the conviction and the charges in this case. Accordingly, Defendant's February 2005 conviction is INADMISSIBLE for impeachment purposes.

### C. Defendant's May 2002 Convictions are Inadmissible.

The Government also seeks to impeach Defendant with May 2002 convictions in Creek County for Distribution of Controlled Dangerous Substance and Failure to Affix a Tax Stamp. Dkt. No. 25. Again, the Government does not provide the dates he was released. However, based on the Court's review of available records, it appears that Defendant was released from confinement for these convictions more than ten (10) years ago. *See Oklahoma v. McGee*, Case No. CF-2001-00316 (Creek Cnty, Okla.). Regardless, the convictions are inadmissible whether the court applies Fed. R. Evid. 609(a)(1)(b) or Fed. R. Evid. 609(b)'s higher bar for admissibility.

Indeed, the convictions were entered over two (2) decades ago and did not require a finding of deceit or dishonesty. Thus, they have minimal probative value of Defendant's character for truthfulness. In contrast, the convictions are substantially similar to the drug possession charge Defendant is currently facing, making it more likely that the jury would infer his criminal propensity and find him guilty because he was convicted of similar conduct in the past. Because the potential prejudice of the May 2002 convictions outweighs any probative value, they are inadmissible for impeachment purposes.

### D. Defendant's March 1996 and August 1997 Convictions are Inadmissible.

Finally, the Government seeks to impeach Defendant with a March 1996 conviction in Tulsa County for Possession of a Stolen Vehicle and an August 1997 conviction in Tulsa County for Grand Larceny from a Person at Night. Dkt. No. 25. The Court found that Defendant was released from confinement for both convictions on or around July 2, 1999. He was then found

7

guilty of willful failure to pay costs and served time in lieu of costs. Defendant was released for time served on or around February 13, 2009. *See Oklahoma v. McGee*, Case No. CF-1995-6159 (Tulsa Cnty, Okla.); *Oklahoma v. McGee*, Case No. CF-1996-5298 (Tulsa Cnty, Okla.). Thus, well over ten years have passed since his release from confinement for both convictions.

Because more than ten years have passed, these convictions are admissible only if their probative value substantially outweighs their prejudicial effect. Fed. R. Evid. 609(b). While crimes such as "robbery, burglary[,] and theft are ordinarily considered to be dishonest," the Government's Rule 609 Notice provides no specific facts and circumstances to suggest that the convictions bear on Defendant's credibility. *United States v. Seamster*, 568 F.2d 188, 190-91 (10th Cir. 1978). Regardless, any probative value of these convictions does not substantially outweigh their prejudicial effect, particularly in light of the significant period of time between the convictions and the charges in this case. Accordingly, Defendant's March 1996 and August 1997 convictions are inadmissible for impeachment purposes.

## CONCLUSION

In summary, the Court finds that Defendant's prior convictions are INADMISSIBLE for impeachment purposes under Fed. R. Evid. 609.

IT IS SO ORDERED this 13th day of May, 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

8